Good morning. May it please the Court, my name is Joanne Diamond. I represent Petitioner Appellant Carlos Escobar. I would like to reserve two minutes for rebuttal. The prosecutor in Escobar's case told the jury that a reasonable doubt was equivalent to doubts they may have had about getting married or buying a house. This unconstitutionally reduced the state's burden of proof and violated Sullivan. Here's the problem. Let's see if you can help me with it. No objection to the argument. Correct. And the judge gave what appears to be a correct reasonable doubt instruction to the jury. Do you agree? Correct, Your Honor. Although this Court and the Supreme Court has frowned upon the language used in Nevada's reasonable doubts. Unfortunately, frowning isn't clearly established in the Supreme Court. I wish it were. So what do we do with the fact that there was no objection and the judge gave an appropriate instruction? What Supreme Court case tells us under those circumstances when the prosecutor has misbehaved, and I believe the prosecutor in this case did, what Supreme Court case tells us that you get relief? I mean, I still think, Your Honor, that we come under Sullivan and Winship because there was no objection, but the Nevada Supreme Court, whose opinion we're looking at, chose specifically to look at the issue on the merits. And the instruction... No, it's, it's, it's not, my problem is not a waiver one. My problem is Sullivan is a case where there's a problem with the instruction. So I'm trying to find a case in which the and the Supreme Court or our court nonetheless granted relief. You agree that in Sullivan, the jury instruction was unconstitutional. Correct, Your Honor. And here, the jury instruction, even though the prosecutor made those arguments consistent with the prior instruction that had been viewed as problematic and, and changed, the instruction was not the same one that they gave in Sullivan. That's correct, Your Honor. The principle in Sullivan was that you can't apply harmless error when we can't be certain that the jury verdict was rendered beyond a reasonable doubt. That's what Sullivan said. Right, but, but Sullivan involved an improper instruction. Correct, Your Honor. And since we presume the juries follow instructions, I think the, the structural error point flows from that. Here, we start out with the presumption that the, the jury's told by the judge, the jury's told you about the law, here's the law. So what do we do under that circumstance? Well, Your Honor, the, in a typical circumstance, if the judge's instruction conflicts with what the prosecutor's argument is, the instruction will control that because jurors are presumed to follow the court's instruction. Here, the prosecutor's argument came after the instruction and did not conflict with that instruction. Doesn't that make this case more in line with framework for analyzing Mr. Escobar's claim here? But even under that framework, it appears that Mr. Escobar would need to demonstrate that there is a reasonable likelihood that the jury applied the challenge instruction in a way that deprived him of his constitutional rights. So can you maybe speak to that and your best argument as to why Boyd standard was, may have been met in this case? Yes, Your Honor. I mean, the jurors weren't, their understanding was not that they needed to prove beyond a reasonable doubt in the way that the, that we understand that to mean. They, their belief was that they only needed to have the same level of doubt they might have about getting married or buying a house. And those are, their essence are leaps of faith. And we can't convict people beyond a reasonable doubt on a leap of faith. And that is the problem here. And that's why it falls within Sullivan, I would submit. Well, what if you don't have structural error? What if this Judge McGee asks, it doesn't fall within Sullivan and we have to analyze it under the Boyd framework? Can we find that the Nevada Supreme Court unreasonably applied the law or didn't apply the law? I mean, yes, Your Honor. And I think it's more akin to what the Nevada Supreme Court did was they looked at it under Darden as prosecutorial misconduct. But either way, we're looking at this under the Brecht harmlessness standard and this did have a substantial and injurious effect on the jury. Escobar was involved, inconsistent witness statements, there were credibility problems. The instructions here were all dependent on reasonable doubt. It was reasonable doubt that would lower a charge of a verdict of first degree murder to a lesser verdict of killing. It was reasonable doubt that would take the case to an acquittal based on self-defense. And one of the last things the jurors heard was a misstatement of reasonable doubt and it wasn't cured by the instruction. So within those... And how do you respond, excuse me, how do you respond to the argument that the government or the state makes in its brief that the prosecutor's comments in this case were not likely to have influenced the jury because it was rambling and confusing, which is interesting argument that the government is making, that recognizing and identifying that someone working on behalf of the state gave a rambling and confusing closing statement, which by all accounts from the transcript, it was. Your Honor, it may have been rambling in some respects, but the message was very clear. It's very clear from reading it that the prosecutor tells the jurors, I'm going to demystify for you what the judge's doubts. And then it's very clear they're saying reasonable doubt is like buying a house unless you're a realtor. And then therein that shows the problem with the court's, with the prosecutor's comment. It's a reasonable doubt is like buying a house unless you're a realtor. And that's not a weighty decision in life. It's getting married unless you're Johnny Carson. And then it's not a weighty decision in life. Even when you repeat it, I have no idea what his argument was. But I want to go back to what we were asking before. Let's assume that you don't qualify for structural error here. In the absence of the objection, a trial would have to be plain error. And so tell me why the Nevada Supreme Court's decision which said, look, you shouldn't have done it, but it's an unreasonable application of federal law. Because of all of the problems that I've identified vis-a-vis in this case, why reasonable doubt was so central to everything, there was conflicting testimony. Escobar testified quite clearly that he shot in response to having a gun placed at his head and at the head of his friend. There was very strong evidence of self-defense. The government's case was not clear cut here. And it's reasonable doubt that goes to the heart of everything. So even under plain error, even looking at Brecht harmlessness, Escobar should prevail here. The Nevada Supreme Court's opinion was simply unreasonable when we don't know that this was a verdict rendered beyond a reasonable doubt. We can't be confident of that. An unreasonable application of the law or an unreasonable determination of the facts? I would say it's an unreasonable application of Darden, but also to the extent, obviously, the Nevada Supreme Court don't say very much about the facts in this case. But applying appropriate deference, if we're looking at this under a prosecutorial misconduct claim, I would say it's an unreasonable determination of the facts to look at those facts and say that this did not have an injurious impact on the verdict. When you had such strong evidence in support of self-defense, I would say that it was an unreasonable application of clearly established federal law and an unreasonable application of the facts. The facts in this case, if you're relying on the facts, weren't there multiple individuals who testified contrary to the version of your client? Your Honor, the individuals that testified contrary in many respects testified consistently with Mr. Escobar initially and then changed their story. Two of the witnesses, Rocky Perez and Carlos Cortez Cruz, initially supported what Mr. Escobar was saying. Rene Cruz, Carlos Cortez Cruz's brother, also did. Rocky Perez and Rene Cruz changed their testimony between the statements and the preliminary hearing. Carlos Cortez Cruz was impeached all over the place. Everybody else impeached Carlos Cortez Cruz. He didn't know anybody. He didn't see anything. The gun was never in his waistband. The victim, the surviving victim, said the gun was in his waistband. There were serious credibility issues here and the jurors were responsible for filtering through this and deciding who to believe. All right. Thank you very much. Good morning, Your Honors, and may it please the Court. My name is Jessica Perlich from the Nevada Attorney General's Office on behalf of Respondent Appellees. Your Honors, although there were some conflicting statements, the most important one came from Mr. Escobar when he, in his testimony, admitted that when he shot 16 rounds from a 9mm handgun at Wilfredo Sanchez, he intended to kill him. Although he did raise... I'm trying to understand how that relates to your argument in this case. Is it your position that anything that the prosecutor did couldn't possibly have affected the verdict? I believe this fits into what Your Honors were already getting at, which is that this is a matter of the prosecutor's statements versus the jury instructions. The jury instructions are the definitive statements of law, as we know from... I'm sorry? Let's start off from the proposition that the prosecutor's statement was objectionable. Is that fair? That's fair. Okay. Can an objectionable statement by the prosecutor always be cured by an appropriate jury instruction? I believe it was cured in this case. Okay. Why? Where's the dividing line? How am I supposed to know why this case falls on your side of the line? When we're looking at the case as a whole, which is what the Supreme Court has instructed us to do, we're not supposed to view the statements in a vacuum. We view it in the entirety of the case. In this matter, we're talking about multiple individuals testifying that a single individual, Carlos Escobar, shot and killed Daniel Arreguin and shot and wounded Wilfredo Sanchez. The prosecutor's statements, though perhaps objectionable, do not overrule the instructions of the court. The court's instructions are the definitive statements of the law. A prosecutor's statements can be objectionable. They can be universally condemned. But unless they so infect the trial with unfairness to be a deprivation of due process, they simply don't rise to the level of structural error or error in this matter. I'm trying to figure out, obviously, whether there was a constitutional violation in this case. I've identified five items that I'd like for you to address as a whole here. This court has already noted that the Nevada's instruction is susceptible to an erroneous interpretation, specifically because of the weighty affairs language. Do you acknowledge that? Yes. Okay. Here, the prosecutor's comments exacerbated this concern. Would you acknowledge that? Yes, I could acknowledge that. And the Nevada Supreme Court has found reversible error under, it seems like, similar circumstances in Holmes. Do you acknowledge that? I would disagree with that assessment. Tell me why. In Holmes v. State, the Nevada Supreme Court was assessing the previously unconstitutional jury instruction, not the jury instruction that was provided in this matter. But the language that the prosecutor used was consistent with that prior language that the court overturned in Holmes, did it not? It was similar language, yes, but the jury instruction was still unconstitutional. And although we presume that the jury followed the court's reasonable doubt instruction, the prosecutor's entire argument was specifically aimed at explaining that instruction. And the explanation didn't contradict or conflict with the instruction. And here, again, the EDS would also, seems to add on, is that the prosecutor's statement were the last thing that the jury heard before beginning deliberations. So, why, in light of your acknowledgement of many of, I think, all of, but maybe possibly one, why isn't that rise to the level of a constitutional violation in this case? Because the, not only was there a reasonable doubt instruction given by the Nevada Supreme Court that this circuit has deemed constitutional for this purpose, they also gave instruction number 48, which is at the record at 1919. Whatever counsel may say, you will bear in mind it is your duty to be governed in your deliberation by the law as given to you in these instructions. I believe to find that the prosecutor's statements rose to a harmful level to override a verdict would actually elevate the prosecutor's statements above the instructions of the court. Boyd instructs us that a prosecutor's misstatements are not to be given the same force and effect as instructions from a court. Yeah, but that gets back to the point I asked you before. It can't be true that a prosecutor's misstatements never require habeas relief if appropriate instructions are given. Do you agree with that? Yes, Your Honor. And so Judge McGee gave you sort of the outline of this case. Why under those circumstances don't these fall on the other side of the line? Your Honor, I would point to Darden where the court actually considered whether the comments manipulated or misstated evidence, how pervasive it was, the evidence at trial. And here we're talking about limited statements, one portion of a closing argument, which as the court instructed the jury were arguments, not evidence. It was rambling. I think the district court actually did classify it correctly as confusing rather than misleading. However, it wasn't so pervasive to be damaging that it would rise to undermine the jury's verdict. I'm curious, assuming for a moment that there was a constitutional violation with respect to the prosecutor's statements here regarding this whole reasonable doubt, are you arguing that this would not be structural error? Because how is that a supportable position in light of Sullivan? In light of, as Your Honor has already pointed out, Sullivan involves the use of a constitutionally improper jury instruction. In this case, we have a constitutionally valid jury instruction. I believe this still falls under harmless error. Even if the prosecutor's statements were improper, this is still a case of whether it infected the trial with unfairness to deprive due process or whether it had a substantial and injurious effect on the verdict. Even if we deem that this was a constitutional violation, you think we don't find structural error? If the prosecutor's statements were a constitutional violation, then Your Honors could find structural error. Could we? Tell me what case says so. I'm sorry? Tell me. I mean, I was hoping the other side had a case, but maybe you do. Tell me what case says we find structural error from a prosecutor's improper argument. I did not come across a particular... I'd like to have one because it would help us. What I will say, though, is that under Greer v. Miller, the U.S. Supreme Court looked at prosecutor's misconduct in violating a defendant's Fifth Amendment right against self-incrimination and found that a jury instruction actually cured that constitutional error. That was why I asked the question. I'm not sure I... We're at Edpoland, which is a strange and mysterious place, but we're supposed to try to find a Supreme Court case that tells us that what happened was clearly unconstitutional, and I'm searching for one. It would not be my position that we should raise this to structural error. I don't believe it falls in that. It's up to Your Honors, obviously, but when it comes to a prosecutor's statements versus correct statements of the court, the court is the definitive statement of the law governing the case. Can I ask you about... We're 20 years after Ramirez, and we're still getting these cases. Now, I understand this was a trial in 1998, but it was after Ramirez. Has your office put a stop to this? A stop to, I'm sorry? This practice of prosecutors making this reasonable doubt argument? I believe they have tried. The district attorney's office is the one that most... We don't really All right, but you end up with the appeals in the habeas cases. Yes. Do you have any influence to stop prosecutors in your state from continuing to make this error? I believe they've been working toward reducing that error. Because we continue to see them. It is troubling by the fact that the exact concerns that we identified in Ramirez played out in this case at Escobar's trial. Maybe people there had not fully absorbed Ramirez, but if this is still something that's regularly happening in Nevada criminal trials, then that's concerning. I understand, Your Honor. Unfortunately, for Mr. Escobar in this matter, he testified in front of the jury that he intended to kill the victim. It's reasonable for a jury to find beyond a reasonable doubt that he's guilty of murder, which is what happened. I want to ask you a question, and I'm going to ask your friend across the aisle here in this next segment. Under evaluating all of the facts here, you submit there's no structural error, that there was sufficient evidence here to overcome any error. Is that correct? Yes, Your Honor. All right. With respect to Mr. Escobar, did anyone corroborate his testimony that Mr. Sanchez was armed and held a gun to his head? Not at trial. In fact, the evidence collected by law enforcement demonstrated that the only shell casings at the scene were from the gun that Mr. Escobar himself admitted to shooting. Ms. Diamond, I'll give you a minute, but part of your minute, I'd like for you to answer that question. I just asked Ms. Perlich, and that is, in your view, or if you can tell me where to look, did anyone corroborate Mr. Escobar's testimony that Mr. Sanchez was armed and held a gun to his head? Because I didn't see it at trial. Your Honor, Rocky Perez told the police this initially, and then changed his statement. But initially, he said, Escobar came to me right after and told me what had happened, and the account was identical. Rocky Perez changed that account before the... So under oath, he testified? Under oath, he was impeached with his statement to the police that he had told the police that that is what Escobar told him immediately after the event. Additionally, Jorge Gomez testifies that, I, Jorge Gomez, gave Mr. Sanchez my gun, and I was showing it to him, and he was holding it, and I was looking at it. So there was a gun in Wilfredo Sanchez's hand. Obviously, we have mixed testimony about when that was and whether it continued to be at the time that it was pointed at Mr. Escobar's head, but there was a gun in Wilfredo Sanchez's hand. There was a gun in the van as well. There's testimony to that. So Mr. Escobar was aware that there were guns, and there is support for his statement that a gun was put against his head. And, Your Honor, just briefly, to address Judge Hurwitz's question, I have not been able to find a case that says prosecutors' arguments in this situation are structural, but, Your Honor, Arizona v. Fulminante talked about structural errors as to whether or not they cause a defect in the framework of the trial, and trial errors are errors that happen within an otherwise constitutional trial. Whereas here under Sullivan, we can't be confident that the trial itself was constitutional, it's not appropriate in this instance to look at the prosecutorial misconduct for harmless error. We already do that in the Batson context. Batson is a prosecutor's misconduct that's reviewed for structural error. The same would be the same if the prosecutor were to lock the door of the courthouse and deprive the defendant of his right to a public trial. That would be structural. Or if the prosecutor were to bribe the judge or a juror, we would review the presence for a structural error of a biased fact finder. So whereas here the prosecutor's conduct causes a structural error under Sullivan, it doesn't change and become harmless error simply because it was the prosecutor that caused it. Thank you. Thank you. Ms. Diamond, Ms. Perlich, thank you very much both for your oral argument presentations here today. The case of Carlos Escobar v. Brian E. Williams, an attorney general for the state of Nevada, is submitted.
judges: Murguia, Hurwitz, Gaitan